# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 2:14-cr-066
                                    Also Case No. 2:19-cv-3799

                                      Chief Judge Algenon L. Marbley
- vs -                                Magistrate Judge Michael R. Merz

JAMES F. DRUGGAN, JR.,

        Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is pending on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 30). On the Chief Magistrate Judge Elizabeth A. Preston Deavers' Order (ECF No. 31), the United states has filed an Answer (ECF No. 33) and Defendant has replied to the Answer (ECF No. 34). The Magistrate Judge reference of the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District.

**Litigation History**

Defendant was charged by Information on April 10, 2014, with knowingly distributing visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2) (ECF No. 1). On the same day he entered into a Plea Agreement with the United States

1

of America to plead guilty to that charge (ECF No. 3).  On December 19, 2014, Defendant was sentenced to ten years imprisonment followed by ten years of supervised release (Judgment, ECF No. 25).  He took no appeal and only a Final Order of Forfeiture (ECF No. 28) was filed between judgment and the filing of the instant Motion.

## Analysis

Defendant asserts he is entitled to relief from his sentence by the decision of the United States Supreme Court in *United States v. Haymond* (Motion, ECF No. 30, PageID 160, citing 139 S.Ct. 2369 (2019)).  In that case, a plurality of the Supreme Court decided that imposing the five-year mandatory term of imprisonment required by 18 U.S.C. § 3583(k) on someone who violates his supervised release by committing a child pornography offense was an unconstitutional deprivation of that defendant's right to trial by jury.  *Haymond*, 139 S.Ct. at 2384.  Justice Gorsuch's opinion did not command a majority.  However, "when a fragmented [Supreme] Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds....'" *Marks v. United States*, 430 U.S. 188, 193 (1977), *quoting Gregg v. Georgia,* 428 U.S. 153, 169, n.15 (1976) (opinion of Stewart, Powell, and Stevens, JJ.).  Justice Breyer indicated his "agree[ment] with the plurality that this specific provision of the supervised-release statute, § 3583(k), is unconstitutional."  *Haymond*, 139 S.Ct. at 2386 (Breyer, J., concurring in the judgment).  Thus, the Magistrate Judge assumes the plurality's rationale is controlling.

The Government opposes Defendant's Motion on grounds it is barred by the one-year statute of limitations for 28 U.S.C. § 2255 Motions and that *Haymond* is not applicable to cases on collateral review because it is not retroactive under the Supreme Court's jurisprudence governing such questions (Memo. in Opp., ECF No. 33, PageID 176-81). For reasons set forth below, the Court need not reach either of these defenses.

The Magistrate Judge concludes Druggan is not entitled to relief under *Haymond* because he is not yet threatened with the consequence of a supervised release violation of the type made unconstitutional by *Haymond*. As both parties recognize, Defendant is still serving his original imprisonment sentence of ten years. Only when that portion of his sentence is completed will he be released on supervised release. Only when he is actually on supervised release would it be possible for him to violate the conditions of that release by committing any of the felonies listed in 18 U.S.C. § 3583(k). In essence, Defendant is asking this Court for an injunction against imposing a new sentence for supervised release violation which would violate *Haymond*.

United States District Courts sitting as equity courts do not enjoin possible future conduct that is not imminently threatened. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008).

Defendant is not threatened with any imminent government action made unconstitutional by *Haymond*. No threat of supervised release revocation has been made here at all beyond the threat implicit in the revocation statute and that for a violation of supervised release conditions which has not yet occurred and may never occur.

Moreover, a Motion to Vacate under 28 U.S.C. § 2255 is not the proper vehicle for seeking injunctive relief against future government action. Rather, it is in the nature of a backward-looking remedy for a presently-unconstitutional deprivation of liberty such as the parallel habeas corpus relief available for unconstitutional state convictions under 28 U.S.C. § 2254. Defendant does not cogently claim his present incarceration is unconstitutional, but only that a particular kind of future custody would be.

**Conclusion**

It is therefore respectfully recommended that the Motion to Vacate be denied without prejudice to a renewed motion if, in the future, Defendant is sentenced in violation of *Haymond*. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 5, 2020.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be

accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.