# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 2:14-cr-066
                                                  Also Case No. 2:19-cv-3799

                                                       Chief Judge Algenon L. Marbley
- vs -                                          Magistrate Judge Michael R. Merz

JAMES F. DRUGGAN, JR.,

                Defendant.      :

## OPINION AND ORDER

       This case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 30).  The Magistrate Judge filed a Report and Recommendations (ECF No. 36) recommending that the Motion to Vacate be denied without prejudice (ECF No. 36) and Defendant has filed objections docketed as Response in Opposition (ECF No. 37).  As required by Fed.R.Civ.P. 72(b), the Court has reviewed those portions of the Report to which specific objection has been made and rules on the objections in this Opinion and Order.

       As the Report notes, Defendant pleaded guilty to a violation of 18 U.S.C. § 2252(a)(2), distributing child pornography (ECF No. 3).  After review of a presentence investigation report, the Court sentenced him to ten years imprisonment followed by ten years of supervised release (Judgment, ECF No. 25).  Defendant did not appeal, but in this § 2255 proceeding asserts he is entitled to relief from that judgment under *United States v. Haymond*, 139 S.Ct. 2369 (2019).

1

18 U.S.C. § 3583(k) authorizes imposition of a term of supervised release of "any term of years not less than 5, or life" for a number of offenses, including violations of 18 U.S.C. § 2252. Thus, the statute authorizes the term of supervised release imposed here. Section 3583(k) further provides

> If a defendant required to register under the Sex Offender Registration and Notification Act commits any criminal offense under chapter 109A, 110, or 117, or section 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment under subsection (e)(3) without regard to the exception contained therein. Such term shall be not less than 5 years.

Following the *Apprendi v. New Jersey*, 530 U.S. 466 (2000), line of cases and particularly *Alleyne v. United States,* 570 U.S. 99 (2013), the Supreme Court in *Haymond* declared the last two sentences of 3583(k) unconstitutional because they required the imposition of a mandatory minimum sentence upon a judicial finding, rather than a jury finding.[1]

Defendant is a person required to register under the Sex Offender Registration and Notification Act, certainly not later than when he is released on supervised release. Thus, he is a person to whom § 3583(k) applies. If, after he is released on supervised release, he commits a crime in violation of chapter 109A, 110, or 117 or a felony violation of 18 U.S.C. § 1201 or 1591, the Court will be obliged by that section to revoke his supervised release and impose a term of imprisonment; *Haymond* limits what that term of imprisonment may be.

The Report concluded Defendant was not entitled to relief under 28 U.S.C. § 2255 because he is not currently serving a term of supervised release and he is certainly not in custody upon a

---

[1] Justice Gorsuch's opinion in *Haymond* only garnered four votes, but Justice Breyer concurred in the holding that the last two sentences were unconstitutional. The Magistrate Judge's report treated the plurality opinion as stating the law.

revocation of supervised release.  In essence, as the Magistrate Judge found, Defendant is seeking injunctive relief against the imposition of sentence on him in the future under § 3583(k).  Injunctive relief is not granted by federal courts against future unconstitutional government conduct that is not imminently threatened and in any event a § 2255 motion is not the proper vehicle with which to seek such relief.

Druggan makes three objections.  First, he says he is required to agree to the terms of his supervised release as early as eighteen months before his release. (Response, ECF No. 37, PageID 209.  Second, he says supervised release conditions are a "restriction on his freedom." *Id.*  Third, he says because supervised release is part of his sentence, he will be serving an unconstitutional sentence when he is placed on supervised release.  *Id.*

These arguments are unpersuasive.  Defendant's conditions of supervised release do not compel him to agree to any term of imprisonment if he violates.  The restrictions they impose on his freedom are justified by the presentence investigation report.  The threat of an additional term of imprisonment is implicit in any condition of release.  The fact that some particular punishment might be unconstitutional does not make the condition itself unconstitutional.  To put it another way, if Defendant violates his supervised release conditions, he will not be subject to an unconstitutional mandatory minimum sentence under § 3583(k).  If the Court imposes such a sentence, he will then have a good claim under § 2255.  But that has not yet happened and will never happen unless he violates his conditions of release.

In part Defendant relies on *United States v. Johnson,* 529 U.S. 53 (2000), for the proposition that the Court has authority to modify his conditions of supervised release under 18 U.S.C. § 3583(e)(2).  *Id.* at PageID 211.  Defendant did not move for discretionary relief under § 3583(e)(2); he demanded release under 28 U.S.C. § 2255.

## Conclusion

Having reviewed the Magistrate Judge's Report *de novo*, the Court finds Defendant's objections are not well taken and they are OVERRULED.  It is accordingly ordered that this § 2255 Motion to Vacate be dismissed without prejudice.  Pursuant to Fed.R.Civ.P. 58, the Clerk shall enter a separate judgment to that effect.  Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

DATED:  April 27, 2020

_____
Algenon L. Marbley, Chief Judge